IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OSPREY SHIP MANAGEMENT, INC. and CORMORANT SHIPHOLDING CORP. § § § | | PLAINTIFFS |
| § | | |
| v. § | Civil No. 1:05CV390-HSO-RHW | |
| § | | |
| JACKSON COUNTY PORT § AUTHORITY, *et al.* § | | DEFENDANTS |

### ORDER AND REASONS DENYING DEFENDANT DON FOSTER'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment of Defendant Don Foster ["Foster" or "Defendant"], filed July 9, 2007 [241-1], in the above-captioned cause. Attached as an exhibit to the Motion was a Statement of Undisputed Facts. In opposition to Foster's Motion for Summary Judgment, Plaintiffs filed a Response Memorandum [260-1] and a Response and Objections to Proposed Statement of Uncontested Facts [267-1].[1] Foster filed a Rebuttal [275-1] and a Response and Objection to Plaintiffs' Suggested Undisputed Facts [278-1] ["Objections"].[2] After consideration of the submissions and the relevant legal authorities, the Court finds that Foster's Motion for Summary Judgment [241-1] must be denied.

---

[1] Plaintiffs' Response and Objections and Response Memorandum are also in opposition to the Motions for Summary Judgment of the Pascagoula Bar Pilots Association and other Defendant members of the Association, but these Motions are not addressed in this Order.

[2] Pascagoula Bar Pilots Association and other Defendant members of the Association also joined in filing the Response and Objection [278-1]; however, these Motions for Summary Judgment are not addressed in this Order.

I. FACTS AND PROCEDURAL HISTORY

The M/V AMERICAN CORMORANT is an oceangoing heavy lift vessel owned and/or operated by Plaintiffs that was scheduled to enter the Port of Pascagoula and dock at a wharf referred to as the Old Grain Docks, Port of Pascagoula.  *See* Compl., at ¶¶ 1-2, 32.  In preparation for the call of the M/V AMERICAN CORMORANT at the Port of Pascagoula [the "Port"], representatives of Plaintiffs attended a "load out" meeting in early August 2004 with representatives of various Defendants to this action, including Defendants Don Foster and Joe Mosso, the harbor pilots who eventually piloted the M/V AMERICAN CORMORANT on the date of the incident at issue in this case.  *See id.* at ¶ 24.  At the meeting, it was determined that, due to the M/V AMERICAN CORMORANT's size, length, width, and tonnage, all Port traffic would be stopped during the vessel's arrival and departure from the Port.  *See id.* at ¶ 25.  It was also determined that two pilots (with two "apprentices") and two tugs would be sufficient for facilitating the vessel's movements.  *See id.* at ¶¶ 25-26.  The parties were also made aware at the meeting that the M/V AMERICAN CORMORANT would be without the benefit of bow thrusters.  *See id.* at ¶ 26.

At approximately 0905 hours on August 15, 2004, Defendant Pilots Don Foster and Joe Mosso came onboard the vessel as the assigned compulsory pilots, and according to Plaintiffs, assumed primary responsibility for navigating the vessel to the Port.  *See* Compl., at ¶¶ 29-30.  It is undisputed that, while aboard the

M/V AMERICAN CORMORANT, Pilots Foster and Mosso alternated the position of Lead Pilot.  *See* Statement of Undisputed Facts of Foster, at ¶13; *see also* Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, at ¶2 (disputing Fact 13 only as to whether Pilot Mosso was nevertheless directing the movement of the vessel and has exposure to liability because of the alleged function of Pilot Mosso and two "apprentices" as lookouts); Aff. of Donald Foster, Ex. "4" to Pls.' Resp. Brief in Opp'n to Def.'s Mot. for Summ. J., at ¶¶ 7-8.  There is also no dispute that, at the time of the incident in question, Pilot Foster directed the maneuvering of the ship.  *See* Statement of Undisputed Facts of Foster, at ¶8; Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, at ¶1 (disputing Fact 18 only as to whether the vessel was under command of Captain Potter, or whether Pilot Foster was in command of the vessel "under the supervision of Captain Potter").  The parties disagree as to who was "in charge" of the vessel at the time of the incident, either compulsory Pilot Foster or the Master of the M/V AMERICAN CORMORANT, Captain John Potter.  *See* Statement of Undisputed Facts of Mosso, at ¶4; Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, at ¶1.

  At around 1100 hours, while maneuvering off the east bank of the Pascagoula River in the vicinity of Northrop Grumman Shipyard, the M/V AMERICAN CORMORANT was grounded and/or allided with a submerged object, later determined to be a submarine launchway Number 1 owned by Defendant Northrop Grumman Ship Systems, Inc. ["NGSS"], that extends in a southwesterly direction from the shore of the east bank of the Pascagoula River.  *See* Compl., at ¶¶ 31, 33A;

Statement of Undisputed Facts of Foster, at ¶¶ 16-18; *see also* Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, p. 1 (not listing Facts 16-18 as contested).

Submerged launchway Number 1 was originally built pursuant to a permit issued by the United States Army Corps of Engineers ["COE"], and subsequently extended by a series of permits issued by the COE. Marking the submerged launchways was a private aid to navigation, Red Buoy No. 2, owned and maintained by Defendant NGSS. *See* Statement of Undisputed Facts of Foster, at ¶¶ 22-23 and 26-29; *see also* Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, p. 1 (not listing Facts 22-23 and 26-29 as contested).

Damage to the vessel from its contact with the submerged launchway included a tear in the outer steel plating along the starboard side of the ship, approximately 20 feet below the water line. *See* Statement of Undisputed Facts of Foster, at ¶15; *see also* Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, p. 1 (not listing Fact 15 as contested).

On August 9, 2005, Plaintiffs filed their initial Complaint to recover damages suffered by the M/V AMERICAN CORMORANT, and with their Fourth Amended Complaint ["Complaint"] filed on October 6, 2006, Plaintiffs seek damages of $1,700,000.00, plus attorneys' fees, pre-judgment interest, survey, adjustment and underwriting expenses, and court costs. *See* Compl., at ¶¶ 58-59.

## II. DISCUSSION

A. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  *See* FED. R. CIV. P. 56.

A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

B. <u>Genuine Questions of Material Fact</u>

Plaintiffs assert that "[a]t approximately 0905 hours on August 15, 2004, Pilots Foster and Mosso assumed control of the AMERICAN CORMORANT on the bridge of the vessel, and the Pilots thereby assumed the primary responsibility for safely navigating the vessel."  Compl., at ¶ 29.  Plaintiffs allege that the vessel was under the direction of Pilots Foster and Mosso when it was allegedly "negligently caused or allowed...to strike or allide with an uncharted, submerged underwater

object consisting of the western end of submerged submarine launch way...resulting in extensive damage to the vessel...." *Id.*, at ¶ 31. Specifically, Plaintiffs allege that Pilots Foster and Mosso

> failed to ascertain the limits of navigable water and/or limits of sufficient water depth for the AMERICAN COMMORANT; failed to ascertain the location of the submerged launch way hazards in the vicinity of Buoy No. 2; failed to maintain a safe distance from Buoy No. 2; failed to have the requisite knowledge for a compulsory Pilot to safely navigate or pilot the vessel; and failed to properly familiarize themselves with available charts, records, or publications as to the dimensions of the channel and location of the submerged submarine launch ways.

*Id.*, at ¶ 33A.

It is undisputed that while aboard the M/V AMERICAN CORMORANT, Pilots Foster and Mosso took turns as Lead Pilot, and that at the time of the incident in question, Pilot Foster was the Lead Pilot. *See* Statement of Undisputed Facts of Mosso, at ¶13; Pls.' Resp. Brief in Opp'n to Def.'s Mot. for Summ. J., at p. 13, 18; *see also* Dep. of Captain John Potter, Ex. "1" to Pls.' Resp. Brief in Opp'n to Def.'s Mot. for Summ. J., at p. 76 (testifying that Foster was the pilot who was giving orders during the time in question). Mosso initially took the con after the pilots boarded the M/V AMERICAN CORMORANT and piloted the vessel to a point south of the mouth of the Pascagoula River. At that point, Pilot Foster took the con until the vessel docked. *See* Statement of Undisputed Facts of Foster, at ¶¶72-73; *see also* Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, p. 1 (not listing Facts 72-73 as contested). The parties disagree as to who was "in charge" of the vessel at the time of the incident, either compulsory Pilot Foster or

the Master of the M/V AMERICAN CORMORANT, Captain John Potter.  *See* Statement of Undisputed Facts of Mosso, at ¶4; Pls.' Resp. and Objection to Proposed Statement of Uncontested Facts, at ¶1.

Disputed questions of material fact also remain regarding whether Foster breached any duty he may have owed to Plaintiffs as a compulsory pilot aboard the M/V AMERICAN CORMORANT, and whether any alleged breach by Foster was the proximate cause of the damages suffered by Plaintiffs.  These disputed questions include, but are certainly not limited to, whether Foster's directions in maneuvering the vessel during the time of the incident in question were reasonable, whether Foster's sole reliance on Red Buoy No. 2 as an aid to navigation was reasonable, and whether there was intervening negligence on the part of the crew and Master of the vessel and/or on the part of any other Defendant(s).

Reviewing the evidence presented in the light most favorable to Plaintiffs and resolving all doubt in their favor, as the Court must, there are genuine disputes of material fact.  As such, summary judgment as to this Defendant is not appropriate.  *See* FED. R. CIV. P. 56.

### III. CONCLUSION

The Court has considered Plaintiffs' claims against Defendant Don Foster and concludes that material fact questions exist.  Therefore, Defendant Foster's Motion for Summary Judgment must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

cited herein, the Motion for Summary Judgment of Defendant Don Foster, filed July 9, 2007 [241-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of December, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE