IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OSPREY SHIP MANAGEMENT, INC. and CORMORANT SHIPHOLDING CORP. | §<br>§<br>§<br>§ | PLAINTIFFS |
| v. | § | Civil No. 1:05CV390-HSO-RHW |
| | § | |
| JACKSON COUNTY PORT AUTHORITY, *et al.* | §<br>§<br>§ | DEFENDANTS |

ORDER AND REASONS DENYING DEFENDANT UNITED STATES OF
AMERICA'S MOTION FOR ENTRY OF JUDGMENT

BEFORE THE COURT is the Motion for Entry of Judgment of Defendant

United States of America [the "Government"], filed January 17, 2008 [314-1], in the

above-captioned cause.  Plaintiffs filed an Objection [315-1] in response, and the

Government filed a Reply [318-1].  After consideration of the submissions and the

relevant legal authorities, the Court finds that the Government's Motion [314-1]

must be denied.

This case involves multiple parties.  On January 16, 2008, the Court entered

an Order and Reasons Granting Second Motion for Summary Judgment and

Denying as Moot First Motion for Summary Judgment of the Government [312-1],

which dismissed fewer than all of the parties to the case.  The Government now

seeks entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Pursuant to 28 U.S.C. § 1291, the Fifth Circuit Court of Appeals has

jurisdiction over appeals from final orders of the district court.  Federal Rule of

Civil Procedure 54(b) provides that

> [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay.* Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b) (emphasis added).

Thus, the Court must (1) expressly determine that there is no just reason for delay and (2) expressly direct the entry of judgment. *See Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985) (*citing* Fed.R.Civ.P. 54(b)). "It is well established that, '[i]n the absence of a certification by the district court that meets these two requirements, a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order.'" *Thompson*, 754 F.2d at 1245 (*quoting Huckeby v. Frozen Food Express*, 555 F.2d 542, 545-46 (5th Cir. 1977)).

Rule 54(b) requests should not be granted routinely, and "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (*quoting Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). In making the determination, a court must weigh "the inconvenience and cost of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road*

*Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th

Cir. 1992) (*quoting Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511

(1950)).  Certification should only be granted by a district court when there exists

"some danger of hardship or injustice through delay which would be alleviated by

immediate appeal."  *PYCA Industries Inc. v. Harrison County Waste Water*

*Mangement Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court is unable to make an express determination that there is no just

reason for delay in this case.  Despite the dissimilar issues likely raised on any

appeals in this case, including the question of the Government's immunity, the

Court nevertheless finds lacking any possible injustice that might result from delay

after a decision on a distinctly separate claim while the remaining parties await

adjudication of the entire case, as contemplated by Rule 54(b).  *See Jasmin v.*

*Dumas,* 726 F.2d 242, 244 (5th Cir. 1984) (stating that "Rule 54(b) was adopted to

avoid the possible injustice that might result in some cases from a delay in the

effectiveness of a decision on a distinctly separate claim while the parties awaited

adjudication of the entire case.  It was not designed to overturn the settled federal

rule against piecemeal appeals.  It grants 'a discretionary power to afford a remedy

in the infrequent harsh case.'") (*quoting* Notes of Advisory Committee on Rules

concerning 1946 amendments).

In this case, the claims against Defendants are not distinctly separate.  Entry

of judgment might result in piecemeal appeals and litigation.  The Court finds that

the interests of judicial economy would not be served by directing entry of judgment

under these circumstances.

The Court does not find any resulting hardship or delay from its denial of
entry of a final judgment at this time.  Trial of this matter is scheduled to
commence in less than one month, therefore any delay in prosecution of an appeal
will be minimal.  Also, any objection to the Court's summary judgment order is in
no danger of becoming moot if appellate consideration is delayed until final
judgment because this case involves the *granting*, not the *denial*, of a dispositive
motion based on immunity, and therefore, the Court's order is capable of being fully
and effectively reviewed after final judgment.  *Compare Thompson*, 754 F.2d at
1246 (holding, in a case involving the *grant* of a motion to dismiss based on absolute
immunity, that an appellant's objection to the district court's order in this context is
in no danger of becoming moot if appellate consideration is delayed until final
judgment because if on appeal from final judgment the court of appeals finds that
the district court erred in holding that immunity shielded defendant from plaintiff's
claims, at the subsequent trial, plaintiff, if so entitled, would be able to obtain the
full relief sought in his original complaint), *with Williams v. Collins,* 728 F.2d 721
(5th Cir. 1984) (holding that a district court's *denial* of a motion to dismiss on the
ground of absolute immunity was immediately appealable because a defendant's
right to absolute immunity would be irretrievably lost if the review of a district
court's order rejecting the defense were postponed until after trial).

Therefore, in its discretion, in order to avoid the likelihood of piecemeal
appeals and litigation, and in the interest of judicial economy, the Court is of the

opinion that its entry of summary judgment in favor of the Government should not be certified as a final judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion for Entry of Judgment of Defendant United States of America, filed January 17, 2008 [314-1], should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2008.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE