## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| OSPREY SHIP MANAGEMENT, INC. | § | |
| and CORMORANT SHIPHOLDING | § | |
| CORP. | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:05CV390-HSO-RHW |
| | § | |
| JACKSON COUNTY PORT | § | |
| AUTHORITY, *et al.* | § | DEFENDANTS |

## ORDER AND REASONS DENYING PLAINTIFFS' MOTION *IN LIMINE* REGARDING AFFIDAVIT OF T.O. GAILLARD

BEFORE THE COURT is the Motion *in Limine* filed by Plaintiffs on January 14, 2008 [311-1], in the above-captioned cause, seeking to exclude the Affidavit of T.O. Gaillard ["Motion"].  Defendant Northrop Grumman Ship Systems, Inc. ["NGSS"] has filed a Response [317-1].  After consideration of the submissions and the relevant legal authorities, the Court finds that Plaintiffs' Motion [311-1] should be denied.

## I. DISCUSSION

### A.     Background

The evidence in question is the Affidavit of T.O. Gaillard [the "Affidavit"], dated June 5, 1970.  *See* Aff., at p. 2, attached as Ex. "A" to NGSS's Resp.  This Affidavit was prepared after the decision in *American Zinc Co. v. Foster*, 313 F. Supp. 671 (S.D. Miss. 1970), which addressed among other things the length of the launchway at issue in this case.  That ruling relied, at least in part, on a certain survey conducted on June 6, 1969, by the United States Army Corps of Engineers

["COE"].  In its findings of fact, the Court in *American Zinc* stated that

> Ingalls had received authority from the U.S. Corps of Engineers to extend
> its No. 1 Shipway a total of 373 feet from Station 00, the point at which
> it enters the river; nevertheless, the U.S. Corps of Engineers Survey
> made on June 6, 1969, the day after this collision, revealed that the north
> side groundway of the No. 1 Way from the waterline to the northwest
> corner which was struck by the 'Stella Maris' actually measured 420 feet.
> Thus, it exceeded its authorized length by 47 feet (Ex. C-46).

*American Zinc,* 313 F.Supp. at 680.

According to the declarant, he was at the time the Chief of the Operations

Division of the COE, Mobile District, Mobile, Alabama.  *See* Aff., at p. 1, attached as

Ex. "A" to NGSS's Resp.  Mr. Gaillard stated in his Affidavit that the survey

undertaken by the COE on or about June 6, 1969, from which a drawing dated June

16, 1969, was prepared reflecting the location of launchway Number 1, and which

was referenced and relied upon in *American Zinc,*

> was never intended to be in conformity with the Ingalls drawing No. 18-1-
> 1 Rev. C. submitted to the United States Army Corps of Engineers, along
> with Ingalls' application for a permit authorizing the extension of Ingalls'
> Marine Way No. 1; that the Station 0+00 shown on the drawing of 16
> June, 1969 was arbitrarily selected as a convenient origin for the survey
> made on 6 June, 1969 by the United States Army Corps of Engineers to
> obtain information for its own independent purposes.

Aff., at p. 1, attached as Ex. "A" to NGSS's Resp.

Mr. Gaillard passed away on September 30, 2002.  *See* Aff. of Thomas O.

Gaillard, III, at ¶ 3, attached as Ex. "C" to NGSS's Resp.  Plaintiff seeks to preclude

the introduction of the deceased Mr. Gaillard's Affidavit in evidence at the trial of

this matter.

This Court previously denied Plaintiffs' Motion to Strike Mr. Gaillard's

Affidavit submitted in support of NGSS's Motion for Summary Judgment. *See*

Order of December 4, 2007 [287-1].  In the present Motion, Plaintiffs argue that the

Affidavit should not be admitted into evidence at trial because Mr. Gaillard is

deceased and "[i]t is impossible to cross-examine him or to test the truthfulness of

the allegations in his affidavit." Pls.' Motion, at ¶ 2.  While the Court is sensitive to

Plaintiffs' concerns, the Affidavit nevertheless provides insight into the COE's prior

determination of the length of the launchway in question, which is an issue in the

present case.

Plaintiffs also assert that the Affidavit contains hearsay statements,

conclusory averments, unfounded self-serving declarations, and speculation or

conjecture, making it an improper affidavit. *See* Pls.' Mot., at p. 2 (*citing Argo v.*

*Blue Cross Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); *Scaife*

*v. Cook County*, 446 F.3d 735, 740 (7th Cir. 2006); *Evans v. Technologies*

*Applications and Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Stagman v. Ryan*, 176

F.3d 986, 995 (7th Cir. 1999)).  The Court finds that these cases are distinguishable

from the present one.

In *Argo*, which was a reverse gender discrimination and retaliation claim

against an employer, the Tenth Circuit held that the district court did not abuse its

discretion in disregarding a paragraph of the plaintiff's affidavit opposing summary

judgment, where the plaintiff lacked personal knowledge of the statement in that

paragraph, and where another individual, such as a human resources official, would

have been in a better position to acquire the comprehensive knowledge necessary to

testify regarding the content of the statement made by the plaintiff.  *See Argo*, 452
F.3d at 1200.

In *Scaife,* which was a Title VII race discrimination and retaliation and a
wage and hour claims case, there were two affidavits at issue.  The Seventh Circuit
held that conclusory allegations in a plaintiff's own affidavit were not sufficient to
meet his *prima facie* burden on his discrimination claim and thereby avoid
summary judgment.  *See Scaife*, 446 F.3d at 740-41.  The plaintiff also presented
the affidavit of his former supervisor, who alleged that the deputy director who had
reorganized plaintiff's department had made various comments about African-
American employees.  The Seventh Circuit found that this affidavit was conclusory
and that the comments contained therein were not sufficiently connected to the
plaintiff's suspensions to support a finding of retaliation.  *See id.* at 741.

In *Evans*, which was a sex and age discrimination case, the Fourth Circuit
determined that the district court did not improperly strike parts of an affidavit
submitted by the plaintiff in opposition to summary judgment that were deemed
inadmissible or improper in accordance with Federal Rule of Civil Procedure 56(e).
*See Evans*, 80 F.3d at 962.  The relevant portions of the affidavit included self-
serving and unsupported assertions without objective corroboration, statements not
based on personal knowledge, and statements that were hearsay, irrelevant, or
conclusory.  *See id.*

In *Stagman*, a section 1983 action, the Seventh Circuit determined that the
district court did not abuse its discretion in excluding an affidavit offered in

opposition to summary judgment where the district court concluded that the affidavit constituted "an amalgam of hearsay, speculation, and scant foundation for conclusory allegations-precisely the objections which would render the statements contained in this affidavit inadmissible at trial." *Stagman*, 176 F.3d at 995.

Unlike the foregoing cases, Mr. Gaillard's Affidavit cannot be described as self-serving, lacking in personal knowledge, or containing conclusory allegations. As the Court noted in its Order of December 4, 2007 [287-1], it "is of the opinion that the Affidavit was made on Gaillard's personal knowledge, that it sets forth such facts as would be admissible in evidence, and that he was competent to testify to the matters stated therein." Order of December 4, 2007 [287-1], at p. 7.

The Court further finds that the Affidavit is excepted from the hearsay rule pursuant to Federal Rules of Evidence 803(8), 803(16), and 807.

## B.    Federal Rule of Evidence 803(8)

Rule 803(8), the public records and reports exception, reads as follows:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8).

The Court is persuaded that the Affidavit meets the requirements of Rule 803(8) in that it relates to the activities and findings of the COE as detailed by Mr.

Gaillard, who was at the time in a position of authority with COE and had a duty to report on such matters. Therefore, the Court finds that the Affidavit is admissible.

While the Court is of the opinion that the Affidavit consists of factual findings within the meaning of Rule 803(8)(C), Plaintiffs might argue that it instead contains opinions, and Plaintiffs do argue that the statements in the Affidavit are conclusory. *See* Pls.' Mot., at p. 2. The United States Supreme Court has held that the use of the phrase "factual findings" in Rule 803(8)(C) does not limit the rule. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 166-67 (1988). The Court there held that the trustworthiness inquiry under the Rule is the primary safeguard against the admission of unreliable evidence. *See id.* at 167.

Plaintiffs bear the burden of proving that the Affidavit is untrustworthy under Rule 803(8)(C). *See Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991) ("In light of the presumption of admissibility, the party opposing the admission of the report must prove the report's untrustworthiness."). As the Advisory Committee notes, "[j]ustification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Advisory Committee Notes to Rule 803(8); *see Moss*, 933 F.2d at 1305. The Court finds that there are no sources of information or other circumstances presented in this case that indicate lack of trustworthiness of the Affidavit, and therefore, the Rule 803(8) hearsay exception is applicable.

## C.     Federal Rule of Evidence 803(16)

Alternatively, the Affidavit is admissible under Federal Rule of Evidence

803(16), the statements in ancient documents exception.  Rule 803(16) provides an

exception for "[s]tatements in a document in existence twenty years or more the

authenticity of which is established."  Fed.R.Evid. 803(16).

The Fifth Circuit has held that the authentication requirement of Rule

803(16) is governed by the standards set forth in Federal Rule of Evidence 901.  *See*

*Dartez v. Fibreboard Corp.*, 765 F.2d 456, 464 (5th Cir. 1985) (*citing United States*

*v. Koziy*, 728 F.2d 1314, 1321-22 (11th Cir. 1984)).   Rule 901(a) provides that "[t]he

requirement of authentication or identification as a condition precedent to

admissibility is satisfied by evidence sufficient to support a finding that the matter

in question is what its proponent claims."  Fed.R.Evid. 901(a).

In *Dartez*, the Fifth Circuit noted that "[a]ncient documents are most

frequently authenticated under the provisions of Rule 901(b)(8)...."  *Dartez*, 765 F.2d

at 464.  This Rule states that authenticity can be established by

> [e]vidence that a document or data compilation, in any form, (A) is in
> such condition as to create no suspicion concerning its authenticity, (B)
> was in a place where it, if authentic, would likely be, and (C) has been in
> existence 20 years or more at the time it is offered.

Fed.R. Evid. 901(b)(8).

The Affidavit at issue here will be over 37 years old at the time of the

trial of this matter, and it was executed well before the allision which is the

subject of the present case occurred.  No arguments have been raised

A

concerning its authenticity.  In its Response to Plaintiffs' Motion, NGSS has

supplied correspondence from NGSS's counsel to Plaintiffs' counsel, to

establish that the Affidavit was found in the expected place, the National

Archives and Records Administration.  *See* Letter to Pls.' Counsel, at p.1,

attached as Ex. "B" to NGSS's Resp.  Because the Court is of the opinion that

authenticity of the Affidavit has been established by NGSS, and not rebutted

by Plaintiffs, the Affidavit is alternatively admissible under Federal Rule of

Evidence 801(16).

**D.      Federal Rule of Evidence 807**

The Affidavit is also admissible under Federal Rule of Evidence 807,

the residual hearsay exception.  This rule reads as follows:

> A statement not specifically covered by Rule 803 or 804 but having
> equivalent circumstantial guarantees of trustworthiness, is not excluded
> by the hearsay rule, if the court determines that (A) the statement is
> offered as evidence of a material fact; (B) the statement is more probative
> on the point for which it is offered than any other evidence which the
> proponent can procure through reasonable efforts; and (C) the general
> purposes of these rules and the interests of justice will best be served by
> admission of the statement into evidence.  However, a statement may not
> be admitted under this exception unless the proponent of it makes known
> to the adverse party sufficiently in advance of the trial or hearing to
> provide the adverse party with a fair opportunity to prepare to meet it,
> the proponent's intention to offer the statement and the particulars of it,
> including the name and address of the declarant.

Fed. R. Evid. 807.

The Fifth Circuit applies a highly deferential standard of review in

evaluating a district court's determination regarding the admission of statements

under the residual hearsay exception.  *See Rock v. Huffco Gas & Oil Co., Inc.*, 922

F.2d 272, 281 (5th Cir. 1991).  The Fifth Circuit has stated that "[it] will not reverse the district court's finding 'absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors.' " *Id.* (*quoting Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir.1982)).

The exception found in Rule 807 is to be "used only rarely, in truly exceptional cases."  *United States v. Phillips,* 219 F.3d 404, 419 n.23 (5th Cir.2000); *see United States v. Roberson*, 124 Fed. Appx. 860, 863 (5th Cir. 2005).  "The lodestar of the residual hearsay exception analysis is whether there exist 'equivalent circumstantial guarantees of trustworthiness.'" *United States v. Walker,* 410 F.3d 754, 758 (*citing* Fed.R.Evid. 807; McCormick on Evidence 345 (John W. Strong ed., 1999)).  The person seeking to admit the hearsay under Rule 807 "bears a heavy burden to come forward with indicia of trustworthiness and probative force."  *Roberson*, 124 Fed. Appx. at 863.  "[I]n order to find a statement trustworthy, a court must find that the declarant of the...statement was particularly likely to be telling the truth when the statement was made." *Phillips*, 219 F.3d at 419 n.23 (*quoting United States v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir. 1997) (internal quotation omitted)).

The Affidavit was made by the Chief of the Operations Division of the COE. As a Government agent, there is a presumption that he properly discharged his official duties, *see United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926), and as recognized by

the text of Rule 803, "Congress has ruled that there is a presumption that [the general distrust of out-of-court declarants] should generally not apply to public officials doing their legal duties." *Moss v. Ole South Real Estate*, 933 F.2d 1300, 1308 (5th Cir. 1991). The Court finds that Mr. Gaillard, in his position with the COE, was particularly likely to be telling the truth when he executed the Affidavit.

The Court further finds that the Affidavit is offered as evidence of a material fact regarding the length of the launchway in question, and that the Affidavit is more probative on the point for which it is offered than any other evidence which NGSS can procure through reasonable efforts. Moreover, the Court finds that the general purposes of the evidentiary rules and the interests of justice will best be served by admission of the Affidavit into evidence.

Regarding any required notice, NGSS alerted Plaintiffs to the existence and substance of the Affidavit in February 2007, a year before trial. *See* Letter to Pls.' Counsel, at p.1, attached as Ex. "B" to NGSS's Resp. Also, as Plaintiffs note in their Motion, "[t]he plaintiff [sic] is informed and believes that defendants intends [sic] to, during the course of this trial, to [sic] introduce the affidavit of T.O. Gaillard and contents therein through witnesses, experts, etc." Pls.' Mot., at pp. 1-2. Based upon the foregoing, the Court concludes that the Affidavit falls within the purview of Rule 807.

### E.     Federal Rule of Evidence 403

Finally, the Court has weighed the Affidavit in accordance with Federal Rule of Evidence 403. The Court is persuaded that the probative value of the Affidavit is

not substantially outweighed by the danger of any unfair prejudice or confusion of the issues, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Therefore, the Court finds that the Affidavit is admissible at the trial of this case.  Plaintiffs' Motion must therefore be denied.

## II.  CONCLUSION

The Court has considered the arguments advanced in support of the Motion *in Limine* to exclude the Affidavit of T.O. Gaillard and finds that this Affidavit should be admissible as evidence at the trial of this case.  Therefore, for the reasons detailed above, Plaintiffs' Motion *in Limine* to exclude the Affidavit must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion *in Limine* of Plaintiffs, filed January 14, 2008 [311-1], in the above-captioned cause, seeking to exclude the Affidavit of T.O. Gaillard, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE